IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02463-PAB-CBS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

INFINEX VENTURES, INC., and
RONALD SALEM,

    Defendants.

---

**ORDER OF PERMANENT INJUNCTION AND OTHER RELIEF
AS TO DEFENDANT RONALD SALEM**

---

The Securities and Exchange Commission (the "Commission") filed a complaint in this case on September 30, 2016 [Docket No. 1]. The Commission filed a Motion for Entry of Consent Order of Injunction and Other Relief Against Ronald Salem [Docket No. 16], to which is attached the Order of Injunction as to Defendant Ronald Salem [Docket No. 16-1] ("Consent"), wherein Defendant has: consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this order of permanent injunction, without admitting or denying the allegations of the complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from the entry of final judgment. Accordingly, it is

**ORDERED** that the Motion for Entry of Consent Order of Injunction and Other Relief Against Ronald Salem [Docket No. 16] is **GRANTED**. It is further

**ORDERED** that Defendant is permanently restrained and enjoined from violating,

directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5(b) promulgated thereunder, 17 C.F.R. § 240.10b-5(b), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.  It is further

**ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds only the following who receive actual notice of this order of permanent injunction by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).  It is further

**ORDERED** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).  It is further

**ORDERED** that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R.

§ 240.3a51-1.  It is further

**ORDERED** that, upon motion of the Commission, the Court shall determine whether a civil penalty pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), is appropriate and, if so, the amount of the penalty.  In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the complaint; (b) Defendant may not challenge the validity of the Consent or any final judgment; (c) solely for the purposes of such motion, the allegations of the complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.  It is further

**ORDERED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.  It is further

**ORDERED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under any

3

judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).  It is further

**ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this order of permanent injunction.  It is further

**ORDERED** that, within 60 days of the entry of this order, the Commission shall move the Court to determine whether a civil penalty is appropriate or inform the Court whether final judgment can be entered.

DATED September 19, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge